IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROLAND ALLEN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV-07-KOB-00125 |
| ) | |
| **GENERAL MOTORS CORPORATION,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

A motion for leave to proceed *in forma pauperis* filed by *pro se* plaintiff Roland Allen is currently pending before this court in the above-styled case. The court finds that the motion to proceed *in forma pauperis* is due to be GRANTED. Further, the court finds that this case is due to be DISMISSED, *sua sponte*, because it lacks arguable legal merit under 28 U.S.C. § 1915(e)(2) because it is based on a claim barred by *res judicata*. That is to say, the plaintiff cannot bring this second suit for the same claims which he previously presented unsuccessfully.

On September 5, 2003, Plaintiff filed a lawsuit against General Motors Corporation, alleging breach of warranty, negligence, and manufacturing defect. Plaintiff claimed that he purchased a 2003 Chevrolet Malibu that was defective. Judge Clemon held a bench trial on April 11, 2005 and entered a judgment against Plaintiff. Plaintiff appealed and the United States Court of Appeals for the Eleventh Circuit affirmed the district court's decision.

On January 17, 2007 Plaintiff filed another complaint against General Motors

Corporation regarding his purchase of the same 2003 Chevrolet Malibu.  Plaintiff candidly references his prior lawsuit.

## II. DISCUSSION

Courts are required to exercise a certain degree of deference in construing the complaints of *pro se* plaintiffs.  *See Harris v. Kerner*, 404 U.S. 519, 520 (1976); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  After a thorough examination of the record, the court interprets Plaintiff's complaint as alleging breach of warranty and manufacturing defect.  However, even with this understanding of Plaintiff's claims and assuming the truth of Plaintiff's allegations, the court concludes that the complaint filed is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it cannot be successfully prosecuted.  *See Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (stating that a complaint may be dismissed with prejudice even before defendants are served if the claim is repetitive or without arguable merit in law or fact).

*In forma pauperis* proceedings are governed by 28 U.S.C. § 1915.  After making a determination of the plaintiff's status as a pauper, the court then must decide whether the plaintiff's asserted claim lacks arguable legal merit.  *See id.*  Subsection (e)(2) of the statute provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(i) is frivolous or malicious."  28 U.S.C. § 1915(e)(2).  For purposes of section 1915(e)(2)(B)(i), an action is frivolous if it is "without arguable merit either in law or fact."  *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  In this case, the court concludes that the allegations contained in the complaint are barred by the doctrine of *res judicata* and are therefore without arguable merit in law.

The doctrine of *res judicata* bars a subsequent lawsuit when four elements are present: "(1) there must be a final judgement on the merits, (2) the decision must be rendered by a court

of competent jurisdiction, (3) the parties . . . must be identical in both suits, and (4) the same cause of action must be involved in both cases." *Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990) (quoting *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986)).

As to the first element, Judge Clemon entered final judgment in favor of Defendant on April 29, 2005. On appeal, the Eleventh Circuit Court of Appeals affirmed the decision of the district court. Time for rehearing or appeal passed. Therefore, a final judgment on the merits was entered in Plaintiff's initial case. Regarding the second element, the decision on Plaintiff's claim was rendered by Judge Clemon of the United States District Court for the Northern District of Alabama. The court had subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332; the parties, an Alabama resident and a Michigan corporation, were diverse and the amount in controversy exceed the statutory minimum. As a result, the decision was rendered by a court of competent jurisdiction.

Third, for a subsequent lawsuit to be barred by *res judicata*, the parties in the original and subsequent suit must be identical. Both Plaintiff's initial suit and this one named General Motors Corporation as the sole defendant. Therefore, the parties in the second suit are identical to the parties in the first.

As to the fourth element, to determine whether the causes of action are the same, the court must compare the substance of the actions, not their form. *See Citibank*, 904 F.2d at 1503 (citing *I.A. Durbin*, 793 F.2d at 1549). Generally, "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Citibank*, 904 F.2d at 1503 (quoting *Ruple v. City of Vermillion*, 714 F.2d 860, 861 (8th Cir. 1983)). The

causes of action raised by Plaintiff in both complaints include breach of warranty, negligence, and manufacturing defect concerning a 2003 Chevrolet Malibu.  Further, Plaintiff cites his purchase of a 2003 Chevrolet Malibu and the fact that the car did not work properly or was not safe as the basis for the claims alleged in both complaints.  Because the substance of the actions are the same and because the claims arise out of the same nucleus of operative fact, the two cases filed by Plaintiff involve the same causes of action.

Plaintiff seems to complain in his new lawsuit that he did not received a jury trial in the first case.  Merely because the first case was heard by a judge and not a jury does not change the legal decision that the final judgment in the prior case against the same defendant for the same claims precludes bringing this suit.

Based on the foregoing analysis, Plaintiff's motion to proceed *in forma pauperis* is due to be GRANTED.  However, Plaintiff's claims of breach of warranty, negligence, and manufacturing defect are due to be DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2) because they are barred by the doctrine of *res judicata*.

A separate order consistent with this Memorandum Opinion will be entered.

DONE and ORDERED this 31st day of January, 2007.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE